UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

Bruce Loudenslager

    v.                                    Civil No. 17-cv-698-LM

Local # 131 Plumbers-
Steamfitters

## REPORT AND RECOMMENDATION

Bruce Loudenslager, appearing pro se, has sued Local # 131 of the Plumbers and Steamfitters Union ("Local # 131"), alleging, among other things, that various union officials are liable for embezzling union funds, and for several forms of criminal activity including torture and murder. Before this magistrate judge for a report and recommendation is defendant's unopposed motion to dismiss for failure to state a claim upon which relief can be granted. For the reasons that follow, defendant's motion should be granted.

### I. The Legal Standard

Ruling on a motion to dismiss for "failure to state a claim upon which relief can be granted," Fed. R. Civ. P. 12(b)(6), requires the court to conduct a limited inquiry, focusing not on "whether a plaintiff will ultimately prevail but whether the

claimant is entitled to offer evidence to support the claims." Scheuer v. Rhodes, 416 U.S. 232, 236 (1974). When conducting that limited inquiry, the court must "take the complaint's well-pleaded facts as true, and . . . draw reasonable inferences in the plaintiff's favor." Barchock v. CVS Health Corp., 886 F.3d 43, 48 (1st Cir. 2018) (citing SEC v. Tambone, 597 F.3d 436, 441 (1st Cir. 2010) (en banc)). Moreover:

> Well-pleaded facts must be "non-conclusory" and "non-speculative." Schatz v. Republican State Leadership Comm., 669 F.3d 50, 55 (1st Cir. 2012). . . . To survive dismissal . . . the complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Tambone, 597 F.3d at 437 (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)). "If the factual allegations in the complaint are too meager, vague, or conclusory to remove the possibility of relief from the realm of mere conjecture, the complaint is open to dismissal." Id. (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)).

Barchock, 886 F.3d at 48 (parallel citations omitted).

## II. Background

In his complaint, plaintiff describes himself as a retired and disabled member of Local # 131. He summarizes his claims this way:

> Theft of Union Pension Funds. Conspiracy to commit murder, torture, and murder by use of U.S. Government CIA agency and its satellites. Also the use of local radio stations and other F.C.C. registered satellites and systems.

Compl. (doc. no. 1).  He supports his claim with the following factual allegations:

> We [i.e., plaintiff and his family] have been targets of harassment, torture, killing, invasion of privacy.  Our computers, phones, internet, T.V., are all being monitored, recorded, placed on the internet, and sold on C-D and DVD's.
>
> Local # 131 with help of the C.I.A., radio stations and other people are using U.S. Government satellites to cause all of this to happen.  Microwave torture and killing has happened to myself approximately 15,000 times and also was used to murder my brother in the year 2000.
>
> The people at Local # 131 are well aware of who is involved and will give you the information needed if asked.
>
> . . . .
>
> $49,000,000.00 has been embezzled from the Local # 131 pension fund and from the Insurance Programmers Office in Wallingford, CT.
>
> . . . .
>
> There have been 15 members [of Local # 131] who have been murdered by members and friends of Denis Adams, former President [of Local # 131].[1]

Id. at 3-4, 7, 8.

---

[1] While plaintiff names two of the alleged murder victims, he goes on to say: "I don't have the names of the other victims, but I am sure Mr. Adams would give you the information you needed if asked."  Compl. (doc. no. 1, 9).  Plaintiff's request for further research by the court a recurring theme in his compliant.  See id. at 2, 11.

3

### III. Discussion

Defendant moves the court to dismiss plaintiff's complaint for failing to state a claim upon which relief can be granted. As noted, plaintiff has not objected.

Defendant's motion to dismiss explains, quite cogently, why plaintiff's complaint does not state a claim upon which relief can be granted. Presuming that plaintiff has adequately identified a legally cognizable cause of action in the first instance, see Erikson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam) (explaining court's obligation to construe pro se pleadings liberally), his factual allegations "are too meager, vague, [and] conclusory to remove the possibility of relief from the realm of mere conjecture," Tambone, 598 F.3d at 442, and, as a consequence, those allegations do not "nudge[] [his] claims across the line from conceivable to plausible," Twombly, 550 U.S. at 570. Accordingly, plaintiff's complaint should be dismissed. See id.

### IV. Conclusion

For the reasons described above, defendant's motion to dismiss, doc. no. 8, should be granted, and the clerk of the court should be directed to close this case.

Any objection to this Report and Recommendation must be

filed within 14 days of receipt of this notice.  See Fed. R. Civ. P. 72(b)(2).  The 14-day period may be extended upon motion.  Failure to file a specific written objection to the Report and Recommendation within the specified time waives the right to appeal the district court's order.  See Santos-Santos v. Torres-Centeno, 842 F.3d 163, 168 (1st Cir. 2016); Fed. R. Civ. P. 72(b)(2).

_____
Andrea K. Johnstone
United States Magistrate Judge

April 24, 2018

cc:   Bruce Loudenslager, pro se
      Robert M. Cheverie, Esq.
      James A.W. Shaw, Esq.