```
                    UNITED STATES DISTRICT COURT
                     DISTRICT OF NEW HAMPSHIRE
```

<u>Bruce Loudenslager</u>

    v.                                        Civil No. 17-cv-698-LM

<u>Local #131 Plumbers-Steamfitters</u>


## O R D E R

Bruce Loudenslager, appearing pro se, sued Local # 131 of the Plumbers and Steamfitters Union, alleging, among other things, that various union officials are liable for embezzling union funds, and for several forms of criminal activity including torture and murder. Defendant filed a motion to dismiss (doc. no. 8), which was referred to Magistrate Judge Andrea K. Johnstone. On April 24, 2018, the Magistrate Judge issued a Report a Recommendation, recommending that this court grant defendant's motion to dismiss.

Plaintiff filed an objection dated April 30, 2018 to the Report and Recommendation (doc. no. 15). He also filed a "motion to move cases," dated April 30, 2018, which states as follows:

> I am requesting to the Concord, N.H. District Court
> that all of my present cases (4) being reviewed and
> worked on be moved as soon as possible to the
> Asheville, N.C. District court to be decided there and
> no further activity be used on my cases in Concord,
> N.H. District Court.

Doc. no. 16 at 1.[1]  The court construes document no. 16 as a motion to transfer venue.

I. <u>Motion to Transfer Venue</u>

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C. § 1404(a).  "District courts have broad power to transfer cases, and in doing so, must weigh both private and public interests." Garcia-Tatupu v. Bert Bell/Peter Rozelle NFL Player Ret. Plan, 249 F. Supp. 3d 570, 576 (D. Mass. 2017).

> Private interests include: relative ease of access to sources of proof, availability of compulsory process, comparative trial cost, and ability to enforce a judgment.  Public interests include: practical difficulties of unnecessarily imposing upon a busy court (or citizens called to jury duty), the obligation to hear a case more fairly adjudicated elsewhere, and having a judge more familiar with relevant law make the requisite legal determinations.

<u>Id.</u> (internal citations omitted).  "The burden of proof upon a motion to transfer venue rests with the party seeking to transfer the action to another jurisdiction." Shelton Bros. v. Aleph Wines Corp., No. 3:13-CV-30180-MAP, 2014 WL 4656635, at *10

---

[1] Including the instant case, Loudenslager has four active cases in the District of New Hampshire.

2

(D. Mass. July 21, 2014), report and recommendation adopted, No. CA 13-30180-MAP, 2014 WL 4657109 (D. Mass. Sept. 10, 2014).

Plaintiff, who instituted this action in the District of New Hampshire, has not shown that he could have properly brought this action in North Carolina, and defendant has not consented to a transfer of venue. Nor has plaintiff shown that any private or public interest weighs in favor of transferring venue, particularly in light of the procedural posture of this case. Therefore, plaintiff's "motion to move cases" (doc. no. 16) is denied.

## II. Report and Recommendation

After due consideration of the objection filed, I herewith approve the Report and Recommendation of Magistrate Judge Andrea K. Johnstone dated April 24, 2018, and grant defendant's motion to dismiss, (doc. no. 8), and the clerk of court is directed to close this case.

SO ORDERED.

_____
Landya B. McCafferty
United States District Judge

May 21, 2018

cc: Bruce Loudenslager, pro se
    Robert M. Cheverie, Esq.
    James A.W. Shaw, Esq.